IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: APPLICATION OF BIOMET ORTHOPAEDICS SWITZERLAND GMBH UNDER 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING | : : : MISC. ACTION NO. 17-0158 : : : |

## MEMORANDUM OPINION

Rufe, J.                                                                                             November 21, 2017

Before the Court is Heraeus Medical GmbH's motion to quash Biomet Orthopaedics Switzerland's subpoena. For reasons that follow, the motion will be granted.

### I. BACKGROUND

On September 12, 2017, Biomet filed an application under 28 U.S.C. § 1782 for an order to take discovery for use in a foreign proceeding.[1] Biomet seeks production of Heraeus' discovery in the possession of counsel for Esschem, Inc. before an appeal hearing in a criminal proceeding against Biomet in Germany, which is scheduled to take place on November 24, 2017. The discovery was produced pursuant to a protective order in the civil action captioned *Heraeus Medical GmbH v. Esschem, Inc.*,[2] pending before this Court.

Although Biomet noted in a cover letter that the application relates to the *Esschem* litigation, the application initially was assigned through an administrative error to the Honorable Jeffrey L. Schmehl, who granted the application. The subpoena issued as a result requires that Esschem's counsel produce Heraeus' confidential discovery from the *Esschem* litigation for use in the criminal proceeding against Biomet in Germany.

Esschem's counsel then notified Heraeus' counsel of the subpoena. After receiving this

---

[1] As the Court has written at length about the facts underlying this application, the background section here is limited to those facts that concern this motion.

[2] *See* Civil Action No. 14-5619.

notice, Heraeus filed an unopposed motion to intervene and for reassignment of the § 1782 action. Judge Schmehl granted the motion to intervene. Because no parties or judges opposed reassignment, the action was reassigned to this Court. Heraeus then filed a motion to stay the enforcement of the subpoena, and a motion to quash the subpoena. The Court granted the motion to stay the enforcement of the subpoena, and afforded the parties the opportunity to fully brief the issue of whether the subpoena should be quashed. Having considered the arguments of all parties, the motion to quash will be granted.

## II. STANDARD OF REVIEW

Section 1782 allows district courts to authorize litigants to obtain evidence for use in foreign proceedings.[3] In considering such requests, a district court must determine whether the statutory requirements under § 1782 are met, and then decide whether to exercise its discretion to grant the application.[4] The statutory requirements are *first*, that the application seeks discovery from a person or entity that resides in the district in which the application is filed, *second*, that the discovery must be for use in proceedings before a foreign tribunal, and *third*, that the application can be made by either the foreign tribunal or by an interested party.[5] If the statutory requirements are met, the court has discretion to grant or deny the § 1782 application.[6]

"[A] district court is not required to grant a § 1782 application simply because it has the authority to do so."[7] In *Intel Corp. v. Advanced Micro Devices, Inc.*, the United States Supreme Court set forth a non-exhaustive list of factors the district court may consider in choosing whether to exercise its discretion:

---

[3] 28 U.S.C. § 1782(a).

[4] *In re O'Keeffe*, 646 F. App'x 263, 265-66 (3d Cir. 2016).

[5] *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010) (citations omitted).

[6] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (citation omitted).

[7] *Id.*

> (1) whether the discovery sought is within the foreign tribunal's jurisdictional reach and there accessible without aid under § 1782; (2) the nature of the foreign litigation and the foreign jurisdiction's receptivity to court assistance from the United States; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country; and (4) whether the subpoena includes unduly intrusive or overly burdensome requests.[8]

Courts also must be mindful of the twin aims of § 1782: "providing efficient means of assistance to participants in international litigation and encouraging federal countries by example to provide similar assistance to our courts."[9]

### III.   DISCUSSION

Biomet contends that the subpoena should be enforced to obtain Heraeus' discovery from Esschem's counsel. Conversely, Heraeus argues that the subpoena should not be enforced because the § 1782 statutory requirements have not been satisfied. Alternatively, even if the statutory requirements were met, Heraeus argues that the discretionary *Intel* factors weigh against enforcing the subpoena. Assuming without deciding that the statutory requirements have been met, the Court concludes the discretionary *Intel* factors weigh against enforcing the subpoena.

At the outset, the second *Intel* factor, which considers "the nature of the foreign litigation and the foreign jurisdiction's receptivity to court assistance from the United States,"[10] weighs against enforcement of the subpoena. Here, Biomet filed its application in September seeking thousands of pages of documents for use in a criminal appeal hearing, which is scheduled to take place on November 24, 2017. However, these criminal proceedings began over eight years ago, and a stay suspending the proceedings was lifted about fourteen months ago. Biomet's delay in

---

[8] *In re Ex Parte Global Energy Horizons Corp.,* 647 F. App'x 83, 85 (3d Cir. 2016) (citing *In re Chevron Corp.*, 633 F.3d 153, 162-64 (3d Cir. 2011); *Intel Corp.*, 542 U.S. at 256-61).

[9] *Intel Corp.*, 542 U.S. at 252 (internal quotation marks and citation omitted).

[10] *In re Ex Parte Global Energy Horizons Corp.,* 647 at 85 (citations omitted).

seeking a § 1782 application weighs against enforcing the subpoena now.[11] Biomet has not shown any likelihood that the German court will be receptive to thousands of pages of discovery on the eve of its appeal hearing, or even that the documents will be considered. Therefore, it does not appear that enforcement of the subpoena would provide "efficient assistance" to the resolution of these proceedings.[12] The second *Intel* factor weighs against enforcing the subpoena.

Moreover, the fourth *Intel* factor, which looks to "whether the subpoena includes unduly intrusive or overly burdensome requests,"[13] weighs against enforcement. Here, the requests are unduly intrusive to Heraeus. The subpoena in this case requires the production of all Heraeus' produced discovery that Esschem's counsel currently possesses, which is subject to a protective order in the *Esschem* litigation. Production of this discovery to Biomet would undermine the very purpose of the protective order in the *Esschem* litigation, as it would allow Biomet to obtain sensitive documents containing Heraeus' proprietary information. The potential prejudice to Heraeus is particularly acute where Biomet has already been found in Germany to have misused Heraeus' proprietary information.

Finally, with respect to the first and third *Intel* factors, the Court expresses concern that enforcing the subpoena here will set a suspect precedent where a party can surreptitiously use a § 1782 application to demand that a law firm produce an opposing party's documents. This use of § 1782 seems inherently improper, and may allow interested parties to collude to obtain an opposing party's confidential discovery through a § 1782 application, rather than attempting to

---

[11] *See, e.g., Aventis Pharma v. Wyeth*, No. M-19-70, 2009 WL 3754191, at *1 (S.D.N.Y. Nov. 9, 2009) (granting Aventis' untimely § 1782 application would frustrate, rather than promote the aims of § 1782, as it would not "provide efficient means of assistance to participants in the international litigation.") (internal quotation marks and citations omitted).

[12] *Intel Corp.*, 542 U.S. at 253 (internal quotation marks and citation omitted).

[13] *In re Ex Parte Global Energy Horizons Corp.*, 647 F. App'x at 85 (citations omitted).

4

timely obtain discovery from the opposing party itself.[14] Particularly here, where Heraeus is a German company and Biomet seeks to use the discovery in a German court, it is not appropriate to use § 1782 to obtain the documents from an American *law firm* representing not Heraeus, but Esschem, an opposing party in litigation pending in the United States. Although the subpoena in this case purports to seek documents in the possession of Esschem's counsel, the subpoena is designed to obtain Heraeus' discovery, not Esschem's. Biomet should not be permitted to use the § 1782 application to obtain Heraeus' discovery from Esschem's counsel in circumvention of foreign discovery limits and procedures.[15] At best, this is an uncomfortable use of the § 1782 application. At worst, it is a manipulation of the § 1782 application to obtain untimely discovery from an opposing party. Under the circumstances of this case, these factors weigh strongly against enforcing the subpoena, which will be quashed.

## IV. CONCLUSION

For the foregoing reasons, Heraeus' motion to quash the subpoena will be granted. An appropriate Order follows.

---

[14] *See In re Cathode Ray Tube Antitrust Litig.*, MDL No. 1917, 2013 WL 183944, at *2 (N.D. Cal. Jan. 17, 2013) (denying enforcement of a § 1782 application in part because the subpoena sought the defendants' discovery documents that were in the possession of a law firm that did not represent those defendants); *see also In re Bank of Cyprus Pub. Co. Ltd.*, No. 10 Misc. 23, 2011 WL 223168, at *2 (S.D.N.Y. Jan. 21, 2011) (explaining that the § 1782 subpoena, although directed at a law firm, was actually targeting the documents of trustees in bankruptcy, and not the law firm).

[15] *See In re Cathode Ray Tube Antitrust Litig.*, MDL No. 1917, 2012 WL 6878989, at *2-3 (N.D. Cal. Oct. 22, 2012) (explaining that "[t]he discovery that [the applicant] seeks in the subpoena are not really documents *of* [the law firm], although in their possession, but are really information from the defendants" and that "enforcing the subpoenas here could well be precedent in the future for parties who want information from one or more defendants to instead use such subpoenas on plaintiffs' . . . counsel for whatever records they have assembled.").